1

2

3

4

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5

6                                                      * * *

7   R&O CONSTRUCTION COMPANY,            )
                                          )
8            Plaintiff,                   )
                                          )        2:09-cv-01749-LRH-LRL
    v.                                    )
9                                         )        **O R D E R**
    ROX PRO INTERNATIONAL GROUP, LTD,    )
10  et al.,                               )
                                          )
11           Defendants.                  )
                                          )
12  _____)

13        Before the court are plaintiff's Motion to Strike Defendant Real Stone Source, LLC's Expert

14  Designation and Report of Eric C. Hoff (#57); Motion to Strike Expert Report of R.P. "Duke" Phelps

15  and Portions of Expert Report of David Gray LaFortune Produced by Arizona Stone & Architectural

16  Products NV, LLC (#58); and Motion to Strike Portions of Expert Reports of Michael John Gannon and

17  Steve Easton Produced by WD Partners, Inc. (#59).  Also before the court are defendant, Arizona Stone

18  and Architectural Products NV, LLC's, Motion (#71) to Strike Reply (#70), and defendant WD Partners

19  Inc.'s Motion (#72) to Strike Reply (#69).  The court has considered the motions, responses and replies.

20                                           **Background**

21        This dispute arises out of the construction of a retail shopping center.  The building at issue in

22  this case is The Home Depot Store #3308.  The stone veneer used on the store failed, ultimately

23  requiring all of the stone to be removed and re-installed.  Plaintiff, R&O Construction Company

24  ("R&O"), was the licensed general contractor for the Home Depot project.  It entered into a

25  subcontractor agreement with New Creations Masonry ("New Creations") to perform the masonry

26  services on the exterior of The Home Depot.  New Creations installed a product, Rox Pro stone, on the

store, which it ordered from defendant, Arizona Stone and Architectural Products NV, LLC ("Arizona Stone").  Defendant, WD Partners, Inc. ("WD Partners") was the project's architect.

In January 2009, the Rox Pro stone began to fail.  The project's developer retained Western Technologies, Inc. to perform an independent inspection to determine cause.  It issued a report making several findings regarding possible installation errors.  *See* Exh. A to Opp'n (#62).  Similarly defendant, Real Stone Source, LLC ("Real Stone"), retained Western Architectural to conduct an independent investigation into the stone failure.  It likewise produced a report indicating installation errors on the part of subcontractors to be at issue.  *See* Exh. B to Opp'n (#62).  Another investigation was conducted by R-Crete, Inc., which found many of the errors noted in the Western Technologies and Western Architectural reports.  *See* Exh. C to Opp'n (#62).  All three reports noted failures with mortar application and coverage when installing the stone, and the latter two reports suggested that the masonry company may not have used the mortar specified by the stone manufacturer.

On September 3, 2009, R&O filed suit in this court alleging breach of contract against New Creations, breach of implied warranty of merchantability against New Creations, Real Stone, and Rox Pro International Group, LTD ("Rox Pro LTD"), negligent misrepresentation against Real Stone and WD Partners, and third party beneficiary breach of contract against WD Partners.  In its February 5, 2010, Amended Complaint (#22) R&O dropped New Creations as a defendant but asserted a claim against Arizona Stone for breach of implied warranty of merchantability.

Pursuant to Order (#45), initial expert disclosures and reports were due by November 10, 2010, and rebuttal experts were to be disclosed by December 13, 2010.  R&O disclosed its expert, Dr. Paul McMullin, on November 10, 2010.  Defendants Real Stone, Arizona Stone, and WD Partners did not designate experts at that time.  On December 17, 2010, the court granted the parties' Stipulation to Modify Discovery Plan and Scheduling Order (#52), which extended the date to designate rebuttal experts to January 10, 2011. Order (#54).  Discovery cutoff was to be March 10, 2011. *Id.*  Defendants WD Partners, Real Stone, and Arizona Stone timely designated rebuttal experts on January 10, 2011.  R&O contends, however, that all or portions of the rebuttal expert reports do not in fact constitute

rebuttal material; rather those reports contain materials and opinions that should have been presented in *initial* expert reports.  Thus, according to R&O, the reports are untimely and must be stricken.

### Discussion

Fed. R. Civ. P.  26(a)(2)(C)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness.  *TC Sys. Inc. v. Town of Colonie, NY*, 213 F.Supp.2d 171, 179 (N.D.N.Y. 2002).  Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports."  *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, 2010 WL 389444 (N.D. Ill. Sep. 30, 2010) (quoting *ABB Air Preheater, Inc. v Regenerative Environmental Equip., Inc.*, 167 F.R.D. 668, 669 (D.N.J. 1996).  Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert  report.  *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).  They are not, however, the proper place for presenting new arguments.  *1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F.Supp.2d 1151, 1167 (D. Utah 2010); *see LaFlamme v. Safeway, Inc.*, 2010 WL 3522378 (D. Nev. Sep. 2, 2010); *cf. Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.") (citation omitted).   "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one'" *Amos v. Makita U.S.A.*, 2011 WL 43092 at *2 (D. Nev Jan. 6, 2011) (quoting *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992)); *see also Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979); *LaFlamme*, 2010 WL 3522378 at *3.  Rather, rebuttal expert testimony "is limited to 'new unforeseen facts brought out in the other side's case.'" *In re President's Casinos, Inc.*, 2007 WL 7232932 at * 2 (E.D. Mo. May 16, 2007) (quoting *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991)).

Under Rule 37(c)(1), "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  This is an either/or standard;

3

non-disclosure must be either substantially justified or harmless to avoid being excluded under the Rule. *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)) (other citation omitted). "The sanction is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *see also Yeti by Molly*, 259 F.3d at 1107.

**A. R&O's Motion to Strike (#57) Dr. Hoff's Report**

As noted, R&O disclosed its expert, Dr. Paul McMullin, on November 10, 2010.  Real Stone timely designated Eric C. Hoff, of Western Architectural, as its rebuttal expert on January 10, 2011. R&O now seeks an order striking Hoff's report on the ground that it is beyond the scope of proper rebuttal.

R&O's Amended Complaint (#22) alleges that Real Stone breached an implied warranty that the Rox Pro stone would be fit for the ordinary purpose for which stone panels are used.  R&O alleges that "[b]y selling and distributing the Rox Pro stone and Installation Guidelines, which did not result in the creation of an adequate bond between the Project's substrate and the Rox Pro stone, Real Stone breached the implied warranty of merchantability included in its sale and distribution of the Rox Pro stone and installation guidelines." *Id.* at ¶ 54.  As explained, *supra*, when the stone began to fail, several independent sources, including Western Architectural, were brought in to evaluate and report on the failures.  Each made findings with regard to the mortar application.

While both McMullin's and Hoff's reports address the same general subject matter of the case, Hoff's report does not directly address the findings, *i.e.* "the same subject matter," of McMullin's report. Therefore it is not a rebuttal expert report within the meaning of Rule 26(a)(2)(C)(ii). *See Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882 at *3 (C.D. Cal. May 7, 2010) (finding that such a broad meaning would all but nullify the distinction between an initial "affirmative expert" and a "rebuttal expert."); *see International Business Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421 (N.D. Cal. Mar.15, 1995) ("rebuttal experts cannot put forth their own theories; they must restrict their testimony to

attacking the theories offered by the adversary's experts."). McMullin's report offers opinions and conclusions regarding the structural insufficiency of the design for the installation of a stone veneer on the project, the requirement that the stone veneer installation be accomplished with an anchored system and the resulting irrelevance of the bond between stone and mortar, and R&O's role in bringing potential design deficiencies to the attention of WD Partners. By comparison, Hoff's report details theories regarding the failure of the stone and mortar, and makes observations regarding the "responsibilities" of the various players – general contractor/subcontractor and architect – with regard to installation. The report's findings do not speak to "new unforeseen facts" brought out in McMullin's report, *see In re President's Casinos, Inc.*, 2007 WL 7232932 at * 2; rather, they set forth an alternate theory, *viz.*, that the stone failure is related to installation and mortar errors. Although causation may be demonstrated in various ways, "simply because one method fails, the other does not become "rebuttal.'" *See Morgan v. Commercial Union Assur. Cos.*, 606 F.2d at 555. Nor is a rebuttal expert report the proper place for presenting new arguments. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F.Supp.2d at 1167.

Because the report is not a rebuttal report, it is untimely and must be stricken unless Real Stone can show that the untimely disclosure was substantially justified or harmless. *See* Rule 37(c)(1). Here, Real Stone's late disclosure is not substantially justified. Notably, it had named Hoff as an expert and provided his curricula vitae within the time limit set for the disclosure of initial experts, but it did not produce a report. Despite the relevant inspections having been performed on February 11 and 16, 2009, prior to the filing of the lawsuit, Real Stone does not justify its failure to timely disclose the report.

As to the issue of harm, the Hoff report was not disclosed until nearly nine weeks after the initial expert cutoff date of November 10, 2010. Discovery cutoff has already been extended three times in this case, and the latest cutoff date has passed. Although no trial date has yet been set, the dispositive motion deadline was April 8, 2011. Accordingly, R&O is prejudiced by the Hoff report, because the time to designate rebuttal experts has passed, as well as the discovery cutoff and dispositive motion deadlines. A scheduling order "shall not be modified except upon a showing of good cause and by leave

of . . . a magistrate judge." Fed.R.Civ.P. 16(b).  Real Stone did not seek an extension of the deadline to disclose initial experts, nor has it shown good cause for the failure to do so.  Accordingly, Hoff's report must be stricken. *See e.g. Yeti by Molly*, 259 F.3d at 1107.

**B. Motion to Strike Expert Report of R.P. "Duke" Phelps and Portions of Expert Report of David Gray LaFortune Produced by Arizona Stone & Architectural Products NV, LLC (#58); and Arizona Stone's Motion (#72) to Strike Reply (#70)**

In this Motion (#58), R&O asks the court to strike the report of R.P. "Duke" Phelps and portions of the expert report of David Gray LaFortune.  Preliminarily, the court will address Arizona Stone's Motion to Strike R&O' Reply (#72).

Arizona Stone seeks an order striking R&O's reply (#70) as untimely.  Arizona Stone filed its Opposition (#62) on February 22, 2011.  Pursuant to LR 7-2(c), "reply points and authorities shall be filed and served by the moving party seven (7) days after service of the response." Fed. R. Civ. P. 6(d) allows for an additional three days.  Accordingly, R&O's reply brief was due not later than March 4, 2011.  R&O filed its Reply (#69) on March 9, 2011.  R&O contends that its failure to timely file the reply is due to excusable neglect.  Apparently, R&O was not aware of the December 1, 2009 amendment to the local rule, and based its timing on an outdated version of LR 7-2(c) which is on the court's homepage.  When opening that link to the Local Rules, however, the first page clearly states that the version covers only amendments through May 1, 2006.  Below the link to the local rules, and within the box titled "Local Rules," is a separate link for the related General Order 2009-3, which opens the "2009-03 Amendment of Local Rules."  Moreover, the electronic filing system clearly noted that the reply was due by March 4, 2011.  R&O's failure to timely file its Reply (#70) is therefore not excusable and the Reply (#70) shall be stricken.

As for R&O's Motion to Strike (#58), R&O disclosed its expert, Dr. Paul McMullin, on November 10, 2010.  Arizona Stone timely designated R.P. "Duke" Phelps and David Gray LaFortune as rebuttal experts on January 10, 2011.  R&O alleges that Arizona Stone breached the implied warranty of merchantability by selling and distributing the Rox Pro stone and Installation Guidelines, which failed to create an adequate bond between the Project's substrate and the Rox Pro stone.  Amended

1    Complaint (#22) at ¶ 35.  That breach allegedly was the cause in fact of R&O's loss.  *Id.* at ¶43.

2           As explained, *supra*, McMullin's report rendered various conclusions and opinions regarding

3    the need for an anchoring system to properly affix the stone veneer.  Phelps' report, however, doesn't

4    address McMullin's conclusions and opinions.  Rather, as Arizona Stone admits, his "rebuttal report

5    addresses the subject matter of the manufacturer's installation guidelines."  According to Arizona Stone,

6    this is proper rebuttal, because "Phelps is permitted to address the other elements of [plaintiff's] cause

7    of action within his rebuttal report."  Opp'n (#62) at 12, 11.  Arizona Stone misapprehends the purpose

8    of the expert rebuttal report.  A rebuttal report is supposed to address  "new unforeseen facts" brought

9    out in the other side's report.  *Cf. In re President's Casinos, Inc.*, 2007 WL 7232932 at * 2.  To adopt

10   a meaning as broad as Arizona Stone's would all but negate the distinction between an initial

11   "affirmative expert" and a "rebuttal expert."  *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882at *3.

12   Moreover, such a reading would deny a party the opportunity to rebut the new opinions expressed in

13   a faux "rebuttal" report.  Clearly, the rules do not contemplate such an unfair result.  *See id.*  Since

14   Phelps' report does not address or rebut McMullin's opinions and conclusions, it is not a rebuttal report

15   within the meaning of Rule 26(a)(2)(C)(ii).  It is, in fact, a grossly untimely initial expert report.

16          R&O concedes that portions of LaFortune's report present proper rebuttal, e.g., that the

17   "Comment of mechanical fastening of panels" and "Comment on Dunn Associates Report" are proper

18   rebuttal opinions.  And the court finds that the "Comment on samples regarding seaming" rebuts

19   McMullin's opinion that the stone must be mechanically fastened.  The "Comment on weight samples"

20   tends to agree with McMullin's conclusion that the weight of the panels indicates that an adhered system

21   is not up to code; then rebuts the opinion that mortar application is immaterial.  It is therefore rebuttal

22   to McMullin's opinions.  R&O contends, however, that the majority of LaFortune's report is not proper

23   rebuttal.  The court agrees.

24          The "Comment on Wall Tiles" statements do not directly address any "new and unforeseen"

25   statements in McMullin's report.  *See In re  President's Casinos, Inc.*, 2007 WL 7232932 at * 2.  Rather

26   the comment on wall tiles is an alternate theory of causation regarding the stone failure, namely that the

ties were over spanned.  Exh. 2 to Mot. (#58) at p.3.  Causation may be demonstrated in various ways, but simply because one method fails, the other does not become "rebuttal."  *Morgan v. Commercial Union Assur. Cos.*, 606 F.2d at 555; *see also 1-800 Contacts*, 755 F.Supp.2d at 1167 ("A rebuttal expert report is not the proper place for presenting new arguments.").  Similarly, the Comments on mortar speak to the possible incorrect use of mortar.  McMullin made no comments about whether or not mortar application was proper; he opined that mortar application was inconsequential.  The "Comment on Rox Pro Systems Installation Guidelines" opines that it is necessary for the project engineer or architect to determine whether the manufacturer's installation guidelines are appropriate for the construction project.  Arizona Stone argues that this statement rebuts McMullin's opinions regarding the inadequacy of the manufacturer's installation guidelines, such as that the guidelines do "not have a reliable mechanism to transfer forces between each course of stone masonry."  Opp'n (#62) at 10. Whether the installation guidelines are inadequate is clearly an expected subject  part of the plaintiff's case-in-chief inasmuch as it contends that Arizona Stone breached the implied warranty of merchantability by selling and distributing the allegedly inadequate Rox Pro stone and Installation Guidelines.  Because LaFortune's opinions contradict an expected and anticipated portion of the plaintiff's case-in-chief, they cannot be rebuttal witness statements or anything analogous to rebuttal to McMullin's statements.  *In re Apex*, 958 F2d. at 245.

Since Phelps' report and portions of LaFortune's report – the Comment on wall tiles, Comment of Rox Pro installation guidelines, Comment on forensic tile consultants report,[1] and Comment of samples regarding mortar – are not rebuttal opinions, but affirmative expert opinions, they must be stricken unless Arizona Stone can show that the untimely disclosures were substantially justified or harmless.  *See* Rule 37(c)(1).  Here, Arizona Stone does not argue that the late disclosures were substantially justified.

As to the issue of harm, the Phelps and LaFortune reports were not disclosed until nearly nine

---

[1]  LaFortune's Comment on Forensic Tile Consultants Report does not rebut McMullin's report, nor does Arizona Stone advance argument regarding this section of LaFortune's report in its Opposition (#62).

weeks after the initial expert cutoff date of November 10, 2010.  The discovery cutoff date has already been extended three times, and the latest cutoff date has passed.  Although no trial date has been set, the dispositive motion deadline was April 8, 2011.  Because the time to designate rebuttal experts has passed, as well as the discovery cutoff and dispositive motion deadlines, R&O is prejudiced by its inability to rebut the reports.  Arizona Stone did not seek an extension of the deadline to disclose initial expert reports, nor has it shown good cause for the failure to do so.  Since the failure to timely disclose the affirmative expert reports was neither substantially justified nor harmless, Phelps' report must be stricken as well as the portions of LaFortune's report identified above. *See e.g. Yeti by Molly*, 259 F.3d at 1107.

**C. R&O's Motion to Strike Portions of Expert Reports of Michael John Gannon and Steve Easton Produced by WD Partners, Inc. (#59) and WD Partner's Motion (#71) to Strike Reply (#69)**

In its Motion (#59), R&O asks the court to strike discrete portions of Gannon's and Easton's reports as outside the scope of proper rebuttal.  The court has considered the motion (#59), WD Partners' Opposition (#61), and R&O's Reply (#69).  Also before the court is WD Partners' Motion (#71) to Strike Reply (#69), to which R&O filed an Opposition (#74), and WD Partners a Reply (#76).

### *WD Partner's Motion (#71) to Strike Reply (#69)*

WD Partners seeks an order striking R&O's reply (#69) as untimely.  WD Partners filed an Opposition (#61) to R&O's Motion (#59) on February 22, 2011.  Pursuant to LR 7-2(c), "reply points and authorities shall be filed and served by the moving party seven (7) days after service of the response."  Federal Rule of Civil Procedure 6(d) allows for an additional three days.  Accordingly, R&O's reply brief was due not later than March 4, 2011.  R&O filed its Reply (#69) on March 9, 2011.  R&O contends that its failure to timely file the reply was the result of excusable neglect.  Apparently, R&O was not aware of the December 1, 2009 amendment to the local rule, and based its timing on an outdated version of LR 7-2(c) which is on the court's homepage.  When opening that link, however, the first page clearly states that the version covers only amendments through May 1, 2006. Below the link to the local rules, and within the box titled "Local Rules," is a separate link for the related General Order

2009-3, which opens the "2009-03 Amendment of Local Rules." Moreover, the electronic filing system also clearly set forth that the reply was due by March 4, 2011.  R&O's failure to timely file its Reply (#69) is therefore not excusable.  The Reply (#69) will be stricken.

### R&O's Motion to Strike (#59)

R&O disclosed its expert, Dr. Paul McMullin, on November 10, 2010.  WD Partners timely designated Michael John Gannon and Steve Easton as rebuttal experts on January 10, 2011.  In the Amended Complaint (#22), R&O alleges that WD Partners made negligent misrepresentations, inasmuch it as provided incorrect and false information regarding the project, upon which R&O justifiably relied.  R&O also asserts a claim for breach of contract as a third-party beneficiary to the agreement between The Home Depot and WD Partners.

R&O contends that the following statements in the Gannon and Easton reports are not proper rebuttal, and therefore should be excluded:

*Gannon Report*

- The stone veneer manufacturer, Rox Pro, failed to clarify the need to remove the powdery residue from the back side of the stone.
- The stone veneer installation subcontractor's work fell below the standard of care and did not comply with industry standard ANSI A108.5.
-

*Easton Report*

- We can see that the installer did not follow the manufacturer's installation guidelines regarding the application of the adhesive/mortar or the wall ties.
- We believe that the bond failure is due to improper application and poor workmanship of the stone veneer installer.

These disputed statements do not speak to new unforeseen facts brought out in McMullin's report, *see In re President's Casinos, Inc.*, 2007 WL 7232932 at *2, but relate to an alternate theory of causation and therefore are not rebuttal to McMullin's report. *See Morgan v. Commercial Union Assur. Cos.*, 606 F.2d at 555 ("simply because one [theory] fails, the other does not become "rebuttal."); *1-800 Contacts*, 755 F.Supp.2d at 1167 ("A rebuttal expert report is not the proper place for presenting new arguments.")*.*  McMullin concluded that since the project should have used an anchored system, any issues relating to mortar application are moot, and he did not render any opinions regarding the standard

of care of a subcontractor under ANSI A108.5.  Accordingly Gannon's statements do not operate to rebut the substance and conclusions of McMullin's report.

The Easton statements similarly relate to alleged failures of the stone installation subcontractor and the effect of the alleged failures on the overall failure of the stone veneer, which statements do not directly contradict McMullin's conclusion that a proper installation design using an appropriate anchored system would have alleviated all concerns relating to the surface of the stone veneer and mortar application.  Mot. (#59) at 5. That they speak to the same general subject matter of the case is not the equivalent of rebutting the same subject matter addressed in the initial expert report. *See Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882 at *3.

Because the statements are not proper rebuttal, but affirmative expert opinions, they must be stricken unless WD Partners can show that the untimely disclosure was substantially justified or harmless. *See* Rule 37(c)(1).  WD Partners argues that the statements, if untimely, are substantially justified because R&O bears all burden of proof in this case, and therefore WD Partners did not believe a primary expert was necessary since it merely is rebutting R&O's allegations.  Opp'n (#61) at 9. Moreover, WD Partners contends that at the time Gannon and Easton began creating their rebuttal reports, R&O had another designated expert, Gregory I. Mowat, *see* Exh. (#1-A) to Opp'n (#61), who did report on the precise issues addressed in these contested statements. *See* Exh. B to Opp'n (#61). WD Partners maintains that since R&O did not properly withdraw Mowat as an expert, his opinions are subject to rebuttal testimony of Gannon and Easton. Whether Mowat's designation as an expert has been properly withdrawn has not been decided by the court, nor is the issue now properly before the court. In any event, such an argument does not substantially justify admitting the untimely reports as rebuttal to McMullin's report, which is the only report at issue in R&O's motion.

With regard to the issue of harm, the Gannon and Easton reports were not disclosed until nearly nine weeks after the initial expert cutoff date of November 10, 2010.  Discovery cutoff has already been extended three times in this case, and the latest cutoff date has passed.  Although no trial date has yet been set, the dispositive motion deadline was April 8, 2011.  Accordingly, R&O is prejudiced by the

11

1   reports, insofar as the time to designate rebuttal experts has passed, as well as the discovery cutoff and

2   dispositive motion deadlines.  WD Partners did not seek an extension of the deadline to disclose initial

3   experts, nor has it shown good cause for the failure to do so.  Since the failure to timely disclose the

4   affirmative expert reports was neither substantially justified nor harmless, the above statements of

5   Gannon and Easton must be stricken.   *See e.g. Yeti by Molly*, 259 F.3d at 1107.

6           Accordingly, and for good cause shown,

7           IT IS ORDERED that plaintiff's Motion to Strike Defendant Real Stone Source, LLC's Expert

8   Designation and Report of Eric C. Hoff (#57) is granted;

9           IT IS FURTHER ORDERED that plaintiff's Motion to Strike Expert Report of R.P. "Duke"

10  Phelps and Portions of Expert Report of David Gray LaFortune Produced by Arizona Stone &

11  Architectural Products NV, LLC (#58) is granted to the extent that (1) Phelps' report is stricken and (2)

12  portions of La Fortune's report are stricken as described above.

13          IT IS FURTHER ORDERED that plaintiff's Motion to Strike Portions of Expert Reports of

14  Michael John Gannon and Steve Easton Produced by WD Partners, Inc. (#59) is granted.

15          IT IS FURTHER ORDERED that defendant WD Partner's Motion (#71) to Strike Reply (#69)

16  is granted.

17          IT IS FURTHER ORDERED that defendant Arizona Stone's Motion (#72) to Strike Reply (#70)

18  is granted.

19          IT IS FURTHER ORDERED that in all other respects, the Motions (##57, 58, 59, 71, 72) are

20  denied.

21          DATED this 18th day of July, 2011.

22

23          _____

24          **LAWRENCE R. LEAVITT**
            **UNITED STATES MAGISTRATE JUDGE**

25

26