UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

R&O CONSTRUCTION COMPANY,

        Plaintiff,

 v.

ROX PRO INTERNATIONAL GROUP, LTD.; et al.,

        Defendants.

2:09-cv-01749-LRH-LRL

ORDER

     Before the court is plaintiff R&O Construction Company's ("R&O") motion to strike the declaration of Nakesha Duncan ("Duncan") submitted in support of defendant Real Stone Source, LLC's ("Real Stone") motion for summary judgment (Doc. #77, Exhibit 1[1]). Doc. #92. Real Stone filed an opposition (Doc. #100) to which R&O replied (Doc. #108).

I.    **Facts and Background**

     This is a construction defect action. R&O was the general contractor for a Home Depot store in Las Vegas, Nevada. R&O subcontracted the construction of the required stone veneer, manufactured by defendant Rox Pro International Groups, Ltd. ("Rox Pro"), to non-party New Creation Masonry Inc. ("New Creation"). New Creation purchased the stone veneer from defendant

---

[1] Refers to the court's docket number.

1  Arizona Stone and Architectural Products NV, LLC ("Arizona Stone"). Allegedly, the stone veneer
2  failed and R&O was forced to make substantial structural repairs to the Home Depot store.
3     On September 3, 2009, R&O filed its initial complaint against defendants Rox Pro; Real
4  Stone; Arizona Stone; and WD Partners, Inc. ("WD Partners"), the architectural firm which
5  designed the Home Depot store. Doc. #1. R&O filed a first amended complaint on February 5,
6  2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second
7  amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona
8  Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty
9  of merchantability - Real Stone; (4) implied warranty of fitness for a particular purpose - Real
10 Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a
11 particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty -
12 Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and
13 Real Stone; and (10) breach of contract - WD Partners. Doc. #48.
14    On April 8, 2011, defendant Real Stone filed a motion for summary judgment. Doc. #77. In
15 support of its motion, Real Stone attached the declaration of Nakesha Duncan. Doc. #77, Exhibit 1.
16 Thereafter, R&O filed the present motion to strike the declaration for failure to disclose Duncan as
17 a witness pursuant to Rule 37 of the Federal Rules of Civil Procedure. Doc. #92.

18 **II.   Discussion**

19    Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide
20 information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use
21 that information or witness to supply evidence on a motion . . ., unless the failure was substantially
22 justified or is harmless." FED. R. CIV. P. 37(c)(1). This sanction is "self-executing" and
23 "automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Co.*, 259 F.3d 1101, 1106 (9th Cir. 2001).
24    Here, it is undisputed that Nakesha Duncan was not disclosed as a witness in this action in
25 accordance with Rule 26. Therefore, the court finds that her declaration is properly excludable
26

under Rule 37(c)(1).

In opposition, Real Stone argues that the late disclosure of Nakesha Duncan was harmless because her declaration contains information that is cumulative of other evidence already provided to the court. *See* Doc. #100. However, the court finds that Duncan's declaration contains additional non-cumulative statements for which there is no other identified source. Therefore, the court finds that Real Stone has not made a sufficient showing that the failure to identify Nakesha Duncan was harmless. *See Yeti by Molly Ltd.*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Accordingly, the court shall grant R&O's motion to strike.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #92) is GRANTED. The clerk of court shall STRIKE the declaration of Nakesha Duncan attached as Exhibit 1 to defendant's motion for summary judgment (Doc. #77).

IT IS SO ORDERED.

DATED this 12th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3