1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                        * * *
                                         )
9                                        )
   R&O CONSTRUCTION COMPANY,             )
10                                       )        2:09-cv-01749-LRH-LRL
            Plaintiff,                   )
11                                       )
    v.                                   )        ORDER
12                                       )
   ROX PRO INTERNATIONAL GROUP,          )
13 LTD.; et al.,                         )
                                         )
14          Defendants.                  )
   _____)

15

16          Before the court is plaintiff R&O Construction Company's ("R&O") motion to strike the

17 declarations of Christopher Collins ("Collins") and Robert S. Larsen ("Larsen") submitted in

18 support of defendant WD Partners, Inc. ("WD Partners") motion for summary judgment (Doc. #73,

19 Exhibit 1; Exhibit 2[1]). Doc. #83. WD Partners filed an opposition (Doc. #97) to which R&O replied

20 (Doc. #99).

21 **I.      Facts and Background**

22          This is a construction defect action. R&O was the general contractor for a Home Depot

23 store in Las Vegas, Nevada. R&O subcontracted the construction of the required stone veneer,

24 manufactured by defendant Rox Pro International Groups, Ltd. ("Rox Pro"), to non-party

25

26          _____

                 [1] Refers to the court's docket number.

New Creation Masonry Inc. ("New Creation"). New Creation purchased the stone veneer from defendant Arizona Stone and Architectural Products NV, LLC ("Arizona Stone"). Allegedly, the stone veneer failed and R&O was forced to make substantial structural repairs to the Home Depot store.

On September 3, 2009, R&O filed its initial complaint against defendants Rox Pro; Real Stone Source, LLC ("Real Stone"), the distributor for Rox Pro; Arizona Stone; and WD Partners. Doc. #1. R&O filed a first amended complaint on February 5, 2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty of merchantability - Real Stone; (4)  implied warranty of fitness for a particular purpose - Real Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty - Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and Real Stone; and (10) breach of contract - WD Partners. Doc. #48.

On March 22, 2011, defendant WD Partners filed a motion for summary judgment. Doc. #73. In support of its motion, WD Partners attached the declarations of Christopher Collins (Doc. #73, Exhibit 1) and Robert S. Larsen (Doc. #73, Exhibit 2). Thereafter, R&O filed the present motion to strike the declarations for failure to disclose Collins and Larsen as witnesses pursuant to Rule 37 of the Federal Rules of Civil Procedure. Doc. #83.

**II.     Discussion**

Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . ., unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). This sanction is "self-executing" and

2

"automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Co.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, it is undisputed that Collins and Larsen were not disclosed as witnesses in this action in accordance with Rule 26. Therefore, the court finds that their declarations are properly excludable under Rule 37(c)(1).

In opposition, WD Partners argues that the late disclosures of Collins and Larsen were harmless because Collins was indirectly identified as a witness in relation to the design contract and Larsen's declaration contains information that is cumulative of other evidence already provided to the court. *See* Doc. #97. However, the court finds that WD Partners' arguments are without merit. First, the court finds that Larsen's declaration contains additional non-cumulative statements for which there is no other identified source. Second, as to Collins, the court notes that he was never actually identified as a possible witness in this action. His name was only briefly mentioned in another witness's deposition as a person somewhat connected to the design contract. Therefore, the court finds that WD Partners has not made a sufficient showing that its failure to identify Collins and Larsen was harmless. *See Yeti by Molly Ltd.*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Accordingly, the court shall grant R&O's motion to strike.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #83) is GRANTED. The clerk of court shall STRIKE the declaration of Christopher Collins attached as Exhibit 1 and the declaration of Robert S. Larsen attached as Exhibit 2 to defendant's motion for summary judgment (Doc. #73).

IT IS SO ORDERED.

DATED this 14th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE