UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

R&O CONSTRUCTION COMPANY,

   Plaintiff,

v.

ROX PRO INTERNATIONAL GROUP, LTD.; et al.,

   Defendants.

2:09-cv-01749-LRH-LRL

ORDER

  Before the court is defendant Arizona Stone & Architectural Products NV, LLC's ("Arizona Stone") motion for summary judgment on plaintiff R&O Construction Company's ("R&O") second amended complaint (Doc. #48[1]). Doc. #78. R&O filed an opposition to the motion (Doc. #93) to which Arizona Stone replied (Doc. #101).

**I. Facts and Background**

  This is a construction defect action. In September 2007, R&O entered into a contract with non-party Home Depot to act as the general contractor for a Home Depot store in Las Vegas, Nevada. R&O subcontracted the application of the required stone veneer to non-party New Creation Masonry Inc. ("New Creation"). New Creation purchased the stone veneer from

---

[1] Refers to the court's docket number.

Case 2:09-cv-01749-LRH -VCF   Document 123   Filed 12/20/11   Page 2 of 5

defendant Arizona Stone. Allegedly, the stone veneer failed and R&O was forced to make substantial structural repairs to the Home Depot store.

On September 3, 2009, R&O filed its initial complaint against defendants Real Stone Source, LLC, the distributor of for the stone veneer and the producer of the installation guidelines; Rox Pro International Groups, Ltd. ("Rox Pro"), the manufacturer; Arizona Stone; and WD Partners, Inc. ("WD Partners"), the project architect. Doc. #1. R&O filed a first amended complaint on February 5, 2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty of merchantability - Real Stone; (4) implied warranty of fitness for a particular purpose - Real Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty - Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and Real Stone; and (10) breach of contract - WD Partners. Doc. #48. Thereafter, Arizona Stone filed the present motion for summary judgment. Doc. #78.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion,

2

along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.   Discussion**

    **A.   Breach of Implied Warranty of Merchantability**

Pursuant to the Uniform Commercial Code ("UCC"), codified at Chapter 104 of the Nevada Revised Statutes, all goods sold must be fit for the ordinary purpose of which they are used. NRS 104.234(2)(c); UCC 2-314(2)(c). To recover for a breach of the implied warranty of merchantability, a plaintiff must establish: (1) the existence of a warranty; (2) breach of that warranty; and (3) proximate cause leading to the loss. *See* NRS 104.2314, Comment 13; UCC 2-314, Comment 13. In its complaint, R&O alleges that the installation guidelines created by defendant Real Stone and distributed to New Creation by Arizona Stone at the time of purchase of the stone veneer were not merchantable because the guidelines did not provide adequate installation

instructions for the required stone veneer. *See* Doc. #48.

In its motion, Arizona Stone argues that the installation guidelines were merchantable because they were designed to properly adhere the stone veneer using appropriate mortar. However, the court finds that there are disputed issues of material fact as to whether the installation guidelines drafted by Real Stone and distributed by Arizona Stone were suitable. Taking the evidence in the light most favorable to R&O as the non-moving party, R&O's expert, Dr. Paul W. McMullin ("Dr. McMullin"), opined that the installation guidelines were only appropriate for fifteen (15) pound stones, not the twenty (20) pound stones that were used in the project. Doc. #96, McMullin Decl., Exhibit 2. Further, Dr. McMullin opined that for such heavy stones the installation guidelines should have called for wall anchors in line with the international building code rather than the use of mortar. *Id*. Therefore, because there is a disputed issue of material fact concerning the installation guidelines, the court shall deny Arizona Stone's motion for summary judgment on this issue.

**B. Breach of Implied Warranty of Fitness for a Particular Purpose**

Under the UCC, there is implied warranty of fitness for a particular purpose "where the seller at the time of contracting has reason to know [of the] particular purpose for which goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." NRS 104.2315; UCC 2-315.

Here, it is undisputed that at the time the decision to use the Rox Pro stone veneer was made, R&O was not relying on the judgment and skill of Arizona Stone as the stone veneer was selected by the shopping center developer and required throughout the entire shopping center. *See* Doc. #78, Exhibit C. Further, R&O was not a part of this decision making process. R&O's person most knowledgeable, Timothy Gladwell, testified in his deposition that the developer of the overall project Laurich Properties, prior to commencement of the construction of the Home Depot, selected the stone without R&O's input. Doc. #78, Exhibit DD, Gladwell Depo., p. 147:6-19 ("Q. Your

4

understanding that Laurich Properties was the one who recommended that the Rox Pro be used in the project? A. For the entire project, I - yes. Q. And did R&O do any independent investigation as to whether that was a proper product to be used at this project? A. No. Q. Just accepted Laurich's recommendation or was it a requirement? A. It was a requirement. There was no option."). Thus, R&O could not have been relying on Arizona Stone's skill in choosing the stone veneer and distributing the installation guidelines. Therefore, the court shall grant the motion for summary judgment as to this claim accordingly.

### C. Express Warranty Claim

In Nevada, express warranties are created when the seller makes any affirmation of fact or promise to the buyer that becomes part of the basis for their bargain. NRS 104.2313.

Here, there is no evidence of any affirmation or promise made by Arizona Stone to R&O that occurred prior to the purchase of the stone veneer that could have become a basis for the bargain. The alleged statements and affirmations made by Arizona Stone that the installation guidelines were appropriate were made after the stone veneer had been chosen and contracted for purchase. Thus, it is axiomatic that these statements could not have been a basis for the initial bargain. Accordingly, the court shall grant Arizona Stone's motion for summary judgment as to this issue.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #78) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5