UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

R&O CONSTRUCTION COMPANY,

        Plaintiff,

v.

ROX PRO INTERNATIONAL GROUP, LTD.; et al.,

        Defendants.

2:09-cv-01749-LRH-LRL

ORDER

       Before the court is defendant Real Stone Source, LLC's ("Real Stone") motion for summary judgment on plaintiff R&O Construction Company's ("R&O") second amended complaint (Doc. #48[1]). Doc. #77. R&O filed an opposition to the motion (Doc. #94) to which Real Stone replied (Doc. #102).

I.    **Facts and Background**

       This is a construction defect action. In September 2007, R&O entered into a contract with non-party Home Depot to act as the general contractor for a Home Depot store in Las Vegas, Nevada. R&O subcontracted the application of the required stone veneer to non-party New Creation Masonry Inc. ("New Creation"). Defendant Real Stone acted as the distributor for

---

[1] Refers to the court's docket number.

the stone veneer and also produced the installation guidelines. Allegedly, the stone veneer failed and R&O was forced to make substantial structural repairs to the Home Depot store.

On September 3, 2009, R&O filed its initial complaint against defendants Real Stone; Rox Pro International Groups, Ltd. ("Rox Pro"), the manufacturer; Arizona Stone and Architectural Products NV, LLC ("Arizona Stone"), the stone supplier; and WD Partners, Inc. ("WD Partners"), the project architect. Doc. #1. R&O filed a first amended complaint on February 5, 2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty of merchantability - Real Stone; (4)  implied warranty of fitness for a particular purpose - Real Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty - Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and Real Stone; and (10) breach of contract - WD Partners. Doc. #48. Thereafter, Real Stone filed the present motion for summary judgment. Doc. #77.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion,

along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party.  *See id.* at 252.

**III.  Discussion**

    **A.  Breach of Implied Warranty of Merchantability**

Pursuant to the Uniform Commercial Code ("UCC"), codified at Chapter 104 of the Nevada Revised Statutes, all goods sold must be fit for the ordinary purpose of which they are used. NRS 104.234(2)(c); UCC 2-314(2)(c). To recover for a breach of the implied warranty of merchantability, a plaintiff must establish: (1) the existence of a warranty; (2) breach of that warranty; and (3) proximate cause leading to the loss. *See* NRS 104.2314, Comment 13; UCC 2-314, Comment 13. In its complaint, R&O alleges that the installation guidelines created by Real Stone were not merchantable at the time they were designed and distributed because the guidelines did not provide adequate installation instructions for the required stone veneer. *See* Doc. #48.

3

In its motion, defendant Real Stone contends that any claim for breach of the implied warranty of merchantability occurred at the time the installation guidelines were distributed to Arizona Stone, and thus R&O's failure to challenge the installation guidelines at that time precludes the present claim. *See* Doc. #77. However, it was impossible for R&O to know at the time of distribution that the installation guidelines were improper because they had not yet been put into use. Further, in Nevada, the breach of the implied warranty of merchantability accrues when the breach occurs, which in this action was when the stone veneer was applied using the installation guidelines. *See* NRS 104.2725(2).

Additionally, Real Stone contends that the installation guidelines were merchantable because they were designed to properly adhere the stone veneer using appropriate mortar. However, the court finds that there are disputed issues of material fact as to whether the installation guidelines drafted by Real Stone were suitable. Taking the evidence in the light most favorable to R&O as the non-moving party, R&O's expert, Dr. Paul W. McMullin ("Dr. McMullin"), opined that the installation guidelines were only appropriate for fifteen (15) pound stones, not the twenty (20) pound stones that were used in the project. Doc. #96, McMullin Decl., Exhibit 2. Further, Dr. McMullin opined that for such heavy stones the installation guidelines should have called for wall anchors in line with the international building code rather than the use of mortar. *Id*. Therefore, because there is a disputed issue of material fact concerning the installation guidelines, the court shall deny Real Stone's motion for summary judgment on this issue.

**B. Breach of Implied Warranty of Fitness for a Particular Purpose**

Under the UCC, there is implied warranty of fitness for a particular purpose "where the seller at the time of contracting has reason to know [of the] particular purpose for which goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." NRS 104.2315; UCC 2-315.

Here, it is undisputed that Real Stone knew that the stone veneer and installation guidelines

4

were going to be used for the Home Depot store and throughout the whole shopping center. Real Stone's president Curtis Weimann testified in his deposition that the shopping center was the largest project Real Stone had ever supplied and that the same stone veneer would be used throughout the entire shopping center regardless of the individual store projects that were involved. *See* Doc. #94, Exhibit C, Wiemann Depo., p. 79:1-11.

However, it is further undisputed that at the time the decision to use the Rox Pro stone veneer was made, R&O was not relying on the judgment and skill of Real Stone as the stone veneer was required throughout the shopping center, not just on the Home Depot. Further, R&O was not a part of this decision making process. Thus, R&O could not have been relying on Real Stone's skill in choosing that stone veneer and issuing the particular installation guidelines. Therefore, the court shall grant the motion for summary judgment as to this claim accordingly.

### C. Express Warranty Claim

In Nevada, express warranties are created when the seller makes any affirmation of fact or promise to the buyer that becomes part of the basis for their bargain. NRS 104.2313.

Here, there is no evidence of any affirmation or promise made by Real Stone to R&O that occurred prior to the purchase of the stone veneer that could have become a basis for the bargain. The alleged statements and affirmations made by Real Stone that the installation guidelines were appropriate and adequate to mount the stone veneer were made after all purchase agreements and sales had taken place. Thus, it is axiomatic that these statements could not have been a basis for the initial bargain because they occurred after construction of the Home Depot store began and the required stone veneer already chosen. Accordingly, the court shall grant Real Stone's motion for summary judgment as to this issue.

### D. Negligent Misrepresentation

In its motion for summary judgment, Real Stone argues that R&O's claim for negligent misrepresentation is precluded by the economic loss doctrine. *See* Doc. #77. The court disagrees.

5

The economic loss doctrine prohibits unintentional tort actions in which the plaintiff seeks to recover purely economic losses. *Terracon Consultants W., Inc. v. Mandalay Resort Group*, 206 P.3d 81, 86 (Nev. 2009) (en banc). The Nevada Supreme Court has applied the economic loss doctrine in product liability cases as well as negligence actions. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007). The primary purpose of the economic loss doctrine is "to shield the defendant from unlimited liability for all of the economic consequences of a negligent act, particularly in a commercial or professional setting, and thus keep the risk of liability reasonably calculable." *Terracon*, 206 P.3d at 86-87 (quotation omitted).

The determination of whether the economic loss doctrine precludes a plaintiff's claim is a two step process. The first step is to ascertain whether the damages are purely economic in nature. *Terracon*, 206 P.3d at 86. A purely economic loss is "the loss of the benefit of the user's bargain including pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) (overruled on other grounds by *Olson v. Richard*, 89 P.3d 31 (Nev. 2004) (en banc)).

Here, it is undisputed that R&O is seeking purely economic damages. In its complaint, R&O only seeks to recover repair and replacement costs associated with the failing stone veneer and there are no claims of additional property damage or personal injury.

The second step is to determine whether the economic loss doctrine applies to R&O's claim. Generally, a claim for negligent misrepresentation is excluded from the economic loss doctrine. *Terracon*, 206 P.3d at 87. Moreover, the court finds no special exception that would require application of the economic loss doctrine in this particular circumstance. Therefore, the court finds that the economic loss doctrine does not apply to bar R&O's negligent misrepresentation claim and shall deny Real Stone's motion for summary judgment as to this issue.

///

1  IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #77) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE