UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

R&O CONSTRUCTION COMPANY,

       Plaintiff,

v.

ROX PRO INTERNATIONAL GROUP, LTD.; et al.,

       Defendants.

2:09-cv-01749-LRH-LRL

ORDER

Before the court is defendant WD Partners, Inc.'s ("WD Partners") motion for entry of final judgment. Doc. #119.[1]

**I.    Facts and Background**

This is a construction defect action. In September 2007, plaintiff R&O Construction Company (R&O) entered into a contract with non-party Home Depot to act as the general contractor for a Home Depot store in Las Vegas, Nevada. R&O subcontracted the application of the required stone veneer to non-party New Creation Masonry Inc. ("New Creation"). Allegedly, the stone veneer failed and R&O was forced to make substantial structural repairs to the Home Depot store.

---

[1] Refers to the court's docket number.

Prior to this incident, in September 2003, the Home Depot entered into a contract with WD Partners to provide architectural services for all new Home Depot store locations. Pursuant to this agreement WD Partners designed and prepared all plans and specifications, including those related to the use and application of the required stone veneer, for the Las Vegas Home Depot location.

On September 3, 2009, R&O filed its initial complaint against defendants Rox Pro International Groups, Ltd. ("Rox Pro"), the manufactuer; Real Stone Source, LLC ("Real Stone"), the distributor for Rox Pro; Arizona Stone and Architectural Products NV, LLC ("Arizona Stone"), the seller; and WD Partners. Doc. #1. R&O filed a first amended complaint on February 5, 2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty of merchantability - Real Stone; (4)  implied warranty of fitness for a particular purpose - Real Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty - Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and Real Stone; and (10) breach of contract - WD Partners. Doc. #48.

In response, WD Partners filed a motion for summary judgment as to R&O's only  claims against it: negligent misrepresentation and breach of contract. Doc. #73. On November 14, 2011, the court granted WD Partners's motion for summary judgment. Doc. #116. Thereafter, WD Partners filed the present motion for final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Doc. #119.

**II.     Discussion**

Pursuant to Rule 54(b), a court may enter a final judgment as to one or more claims or parties "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). The district court has wide discretion in determining whether to grant a final judgment as to

a party. *See Curtiss-Wright Corp. v. General Electric Co.*, 46 U.S. 1, 8 (1980). A court's discretion is to be exercised "in the interests of sound judicial administration and the equities of the parties." *Id*. at 10.

The court has reviewed the documents and pleadings on file in this matter and finds that entering final judgment in favor of WD Partners is warranted. First, the claims raised by R&O against WD Partners are distinct and involve separate facts and questions of law than those claims against the other defendants. *See e.g., Amerisourcebergen Corp. v. Dialsist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (evaluating whether the claims are interrelated). Thus, the court finds that a final judgment as to WD Partners would not prejudice R&O's remaining claims.

Second, the court finds that keeping WD Partners in this litigation is unduly burdensome. The court notes that all defendants filed motions for summary judgment, but that only WD Partners was successful as to all claims against it. Thus, WD Partners is the only defendant that will not be proceeding to trial in this matter. Keeping WD Partners in this litigation defeats the purpose of the pre-trial resolution sought and received by WD Partners's motion for summary judgment. Therefore, the court shall grant WD Partners's motion and enter a final judgment in its favor.

IT IS THEREFORE ORDERED that defendant's motion for final judgment (Doc. #119) is GRANTED. The clerk of court shall enter judgment in favor of defendant WD Partners, Inc. and against plaintiff R&O Construction Company.

IT IS SO ORDERED.

DATED this 12th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE