1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                        * * *
                                          )
9                                         )
     R&O CONSTRUCTION COMPANY,            )
10                                        )          2:09-cv-01749-LRH-LRL
              Plaintiff,                   )
11                                        )
      v.                                  )          ORDER
12                                        )
     ROX PRO INTERNATIONAL GROUP,         )
13   LTD.; et al.,                        )
                                          )
14            Defendants.                 )
     _____ )

15

16          Before the court is defendant Real Stone Source, LLC's ("Real Stone") motion for

17   reconsideration of the court's order granting in-part and denying in-part its motion for summary

18   judgment on plaintiff R&O Construction Company's ("R&O") second amended complaint

19   (Doc. #124[1]). Doc. #126. R&O filed an opposition to the motion (Doc. #128) to which Real Stone

20   replied (Doc. #129).

21          Also before the court is defendant Arizona Stone & Architectural Products NV, LLC's

22   ("Arizona Stone") motion for reconsideration of the court's order granting in-part and denying in-

23   part its motion for summary judgment (Doc. #123). Doc. #127. R&O filed an opposition

24   (Doc. #130) to which Arizona Stone replied (Doc. #131).

25

26
     _____

              [1] Refers to the court's docket number.

## I.      Facts and Background

This is a construction defect action. In September 2007, R&O entered into a contract with non-party Home Depot to act as the general contractor for a Home Depot store in Las Vegas, Nevada. R&O subcontracted the application of the required stone veneer to non-party New Creation Masonry Inc. ("New Creation"). New Creation purchased the stone veneer from defendant Arizona Stone. Defendant Real Stone acted as the distributor for the stone veneer and also produced the installation guidelines. Allegedly, the stone veneer failed and R&O was forced to make substantial structural repairs to the Home Depot store.

On September 3, 2009, R&O filed its initial complaint against defendants Arizona Stone; Real Stone; Rox Pro International Groups, Ltd. ("Rox Pro"), the manufacturer; and WD Partners, Inc. ("WD Partners"), the project architect. Doc. #1. R&O filed a first amended complaint on February 5, 2010 (Doc. #22) and a second amended complaint on June 29, 2010 (Doc. #48). The second amended complaint alleges ten causes of action: (1) implied warranty of merchantability - Arizona Stone; (2) implied warranty of fitness for a particular purpose - Arizona Stone; (3) implied warranty of merchantability - Real Stone; (4)  implied warranty of fitness for a particular purpose - Real Stone; (5) implied warranty of merchantability - Rox Pro; (6) implied warranty of fitness for a particular purpose - Rox Pro; (7) express warranty - Real Stone and Rox Pro; (8) express warranty - Arizona Stone, Real Stone, and Rox Pro; (9) negligent misrepresentation - WD Partners and Real Stone; and (10) breach of contract - WD Partners. Doc. #48.

In response, both Real Stone and Arizona Stone filed motions for summary judgment (Doc. ##77, 78 respectively) which were granted in-part and denied in-part by the court (Doc. ##124, 123). In the court's orders, the court granted defendants' motions as to all claims except for breach of the implied warranty of merchantability - Arizona Stone (claim 1), breach of the implied warranty of merchantability - Real Stone (claim 3), and negligent misrepresentation - Real Stone (claim 9). *See* Doc. ##123, 124. Thereafter, defendants filed the present motions for

1    reconsideration. Doc. ##126, 127.

2    **II.    Discussion**

3           Defendants bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A

4    motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of

5    finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

6    887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order

7    where the court is presented with newly discovered evidence, an intervening change of controlling

8    law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see*

9    *also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah*

10   *County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

11          In their motions, defendants contend that there is newly discovered evidence that the

12   installation guidelines produced by Real Stone, distributed to Arizona Stone, and then provided to

13   New Creation with its purchase of the stone veneer have been subsequently approved by the Clark

14   County Building Commission as appropriate to adhere stone veneer to outside building walls in

15   Clark County, Nevada. *See* Doc. ##126, 126. Thus, defendants argue that based on this new

16   evidence, there is no longer any disputed issue of material fact as to whether the installation

17   guidelines were appropriate to adhere the stone veneer in this particular case. The court disagrees.

18          The court has reviewed the documents and pleadings on file in this matter and finds that

19   there are still disputed issues of fact concerning the appropriateness of the installation guidelines

20   which precludes summary judgment. Initially, the court notes that there is no legal support for

21   defendants' proposition that because the Clark County Building Commission subsequently

22   approved the installation guidelines that the court must discount all other evidence presented on

23   this issue. Second, taking all the evidence before the court on this issue in the light most favorable

24   to R&O as the non-moving party for summary judgment, the evidence presented by R&O's expert,

25   Dr. Paul W. McMullin ("Dr. McMullin"), establishes that the installation guidelines were only

26

appropriate for fifteen (15) pound stones, not the twenty (20) pound stones that were used in the project. Doc. #96, McMullin Decl., Exhibit 2. Further, for such heavy stones the installation guidelines should have called for wall anchors in line with the international building code rather than the use of mortar. *Id*. Thus, regardless of defendants' newly proffered evidence, there is still a disputed issue of material fact concerning the appropriateness of the installation guidelines. Accordingly, the court shall deny defendants' motions for reconsideration.

IT IS THEREFORE ORDERED that defendants' motions for reconsideration (Doc. ##126, 127) are DENIED.

IT IS FURTHER ORDERED that the parties shall have thirty (30) days from entry of this order to file a proposed joint pre-trial order.

IT IS SO ORDERED.

DATED this 19th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE