# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

| | |
|---|---|
| R&O CONSTRUCTION COMPANY, | 2:09-cv-01749-LRH -VCF |
| Plaintiff, | |
| vs. | **ORDER AND**<br>**REPORT & RECOMMENDATION** |
| NEW CREATION MASONRY, INC. *et al.*, | **(Motion for Determination of Good Faith** |
| Defendants. | **Settlement (#147) and Unopposed Motion for**<br>**Determination of Good Faith Settlement (#148))** |

Before the court is defendant Arizona Stone & Architectural Products NV, LLC's (hereinafter "Arizona Stone") Motion for Determination of Good Faith Settlement. (#147). Plaintiff R&O Construction Company (hereinafter "R&O") filed a Joinder to Arizona Stone's Motion. (#149). Defendant WD Partners, Inc. filed a Limited Opposition to Defendant Arizona Stone's Motion. (#153).

Also before the court is defendant Real Stone Source, LLC's (hereinafter "Real Stone") Unopposed Motion for Determination of Good Faith Settlement. (#148). Plaintiff R&O filed a Joinder to defendant Real Stone's Unopposed Motion. (#150). Defendant Arizona Stone also filed a Joinder to defendant Real Stone's Unopposed Motion. (#151).

## A.    Arizona Stone's Motion for Determination of Good Faith Settlement

Arizona Stone asserts in its motion that "R&O Construction, Arizona Stone and Real Stone reached an agreement whereby R&O Construction would receive the amount of SEVENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($75,000.00) to settle all claims against Arizona Stone." (#147). Arizona Stone also asserts that plaintiff R&O "agreed to dismiss any and all claims against

Arizona Stone, with prejudice, to execute a settlement agreement/release of all claims discharging any and all past, present and future claims against Arizona Stone, its successors, assigns, officers, directors, agents, employees, and insurers, and to defend, indemnify and hold harmless Arizona Stone by and against any claims that may be pursued against Arizona Stone, in connection with the Project." *Id.* Arizona Stone requests that this court "find the settlement between Arizona Stone and R&O Construction to have been reached in good faith for purposes of N.R.S. 17.245 and, accordingly, to dismiss with prejudice all past, present or future equitable claims against Arizona Stone regarding the Project." *Id.*

Plaintiff R&O filed a joinder to defendant Arizona Stone's motion for determination of good faith settlement.  (#149).  Defendant WD Partners filed a limited opposition to defendant Arizona Stone's motion.  (#153).  WD Partners asserts that it filed the limited opposition in light of plaintiff R&O's appeal of the court's ruling on WD Partner's motion for summary judgment.  *Id.*  WD Partners states that if the appeal results in this matter being reversed or remanded for a new trial, WD Partners "respectfully asserts that its right to contribution and indemnity should not be cut off by a good faith settlement determination, if at trial, additional findings are made against Defendant Arizona Stone & Architectural Products NV, LLC." *Id.*

WD Partners contends that if the court grants Arizona Stone's motion and if the Ninth Circuit remands the case for new trial, WD Partners' right to seek contribution and indemnity should not be extinguished and that its rights thereto should be preserved.  *Id.*  A hearing on Arizona Stone's motion for determination of good faith settlement is scheduled for October 22, 2012.

**B.   Real Stone's Unopposed Motion for Determination of Good Faith Settlement**

Real Stone asserts in its motion for determination of good faith settlement that "[p]ursuant to arms-length negotiations and formal mediation sessions," the parties agreed that Real Stone and Arizona Stone would each pay plaintiff R&O $75,000 in exchange for settlement of the claims against the

remaining defendants.   (#148).   Plaintiff R&O filed a joinder to Real Stone's unopposed motion. (#150).   Defendant Arizona Stone filed a joinder to Real Stone's unopposed motion, "adopt[ing] the same legal arguments and grounds as stated in the Points and Authorities filed in support of [the motion]."  (#151-1).

### 1.      Relevant Law

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling in *In re MGM Grand Hotel Fire Litigation*, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants."  *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)).   The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..."   *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

## 2.    Discussion

Defendant Real Stone asserts that (1) the settlement amount of $75,000 was reached after "extensive negotiations and mediation," (2) plaintiff R&O is the only part asserting claims against Real Stone and the settlement funds will be issued to plaintiff directly, (3) Real Stone's insurance policy limits were not at issue during negotiations, (4) Real Stone's financial condition was not at issue during negotiations, and (5) the mediation and negotiation sessions between the parties were conducted in good faith and under the supervision of a mediator, and "no collusion, fraud or tortuous conduct was involved." (#148). Based upon the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith and recommends granting Real Stone's motion for determination of good faith settlement (#148); *See The Doctors Co.*, 120 Nev. at 651-52; *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. at 927; *Velsicol Chemical*, 107 Nev. at 360.

Accordingly and for good cause shown,

IT IS ORDERED that a hearing is scheduled on defendant Arizona Stone & Architectural Products NV, LLC's Motion for Determination of Good Faith Settlement (#147) for October 22, 2012, at 2:00 p.m. in Courtroom 3C.

## RECOMMENDATION

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that the District Judge GRANT defendant Real Stone Source, LLC's Unopposed Motion for Determination of Good Faith Settlement (#148).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE