UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| R&O CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NEW CREATION MASONRY, INC. *et al.*,<br><br>Defendants. | 2:09-cv-01749-LRH -VCF<br><br>**REPORT & RECOMMENDATION**<br><br>**(Motion for Determination of Good Faith Settlement #147)** |

Before the court is defendant Arizona Stone & Architectural Products NV, LLC's (hereinafter "Arizona Stone") Motion for Determination of Good Faith Settlement. (#147). Plaintiff R&O Construction Company (hereinafter "R&O") filed a Joinder to Arizona Stone's Motion. (#149). Defendant WD Partners, Inc. filed a Limited Opposition to Defendant Arizona Stone's Motion. (#153). The court held a hearing on October 22, 2012.

**Arizona Stone's Motion for Determination of Good Faith Settlement**

  A.  **Relevant Facts**

On March 22, 2011, defendant WD Partners, Inc. filed a motion for summary judgment. (#73). WD Partners filed a notice that no opposition had been filed (#79), and plaintiff R&O filed a response thereto (#81). On April 15, 2011, plaintiff R&O filed a response to the motion for summary judgment (#84), and on April 25, 2011, WD Partners filed a Reply (#91). The court granted WD Partners' motion for summary judgment on November 14, 2011. (#116). On June 12, 2012, the court issued an order

entering final judgment in favor of WD Partners. (#132). The clerk entered judgment on the same day. (#133). Plaintiff R&O Construction filed a notice of appeal on June 28, 2012. (#136).

On September 5 and 6, 2012, defendants Arizona Stone and Real Stone Source, LLC (hereinafter "Real Stone") filed motions for determination of good faith settlement. (#147 and #148). Plaintiff R&O filed a Joinder to Arizona Stone's Motion (#149) and a Joinder to defendant Real Stone's Unopposed Motion. (#150). Defendant Arizona Stone also filed a Joinder to defendant Real Stone's Unopposed Motion. (#151). Defendant WD Partners, Inc. filed a Limited Opposition to Defendant Arizona Stone's Motion. (#153). On October 1, 2012, the court issued a report and recommendation, recommending granting Real Stone's motion (#148) and setting a hearing on Arizona Stone's motion (#147). (#154).

**B.**     **Arguments**

Arizona Stone asserts in its motion that "R&O Construction, Arizona Stone and Real Stone reached an agreement whereby R&O Construction would receive the amount of SEVENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($75,000.00) to settle all claims against Arizona Stone." (#147). Arizona Stone also asserts that plaintiff R&O "agreed to dismiss any and all claims against Arizona Stone, with prejudice, to execute a settlement agreement/release of all claims discharging any and all past, present and future claims against Arizona Stone, its successors, assigns, officers, directors, agents, employees, and insurers, and to defend, indemnify and hold harmless Arizona Stone by and against any claims that may be pursued against Arizona Stone, in connection with the Project." *Id.* Arizona Stone requests that this court "find the settlement between Arizona Stone and R&O Construction to have been reached in good faith for purposes of N.R.S. 17.245 and, accordingly, to dismiss with prejudice all past, present or future equitable claims against Arizona Stone regarding the Project." *Id.*

Plaintiff R&O filed a joinder to defendant Arizona Stone's motion for determination of good faith settlement (#149) and WD Partners filed a limited opposition (#153). Defendant WD Partners asserts that it filed the limited opposition in light of plaintiff R&O's appeal of the court's ruling on WD Partner's motion for summary judgment. (#153). WD Partners states that if the appeal results in this matter being reversed or remanded for a new trial, WD Partners "respectfully asserts that its right to contribution and indemnity should not be cut off by a good faith settlement determination, if at trial, additional findings are made against Defendant Arizona Stone & Architectural Products NV, LLC." *Id.* WD Partners contends that if the court grants Arizona Stone's motion and if the Ninth Circuit remands the case for new trial, WD Partners' right to seek contribution and indemnity should not be extinguished and that its rights thereto should be preserved. *Id.*

1.  **Relevant Law**

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling in *In re MGM Grand Hotel Fire Litigation*, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644,

651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)). The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..." *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

### 2. Discussion

In considering the factors outlined above, defendant Arizona Stone asserts that: (1) the settlement amount of $75,000 represents a "substantial and equitable accounting of the exposure Arizona Stone would face as to liability considering all the circumstances surrounding this matter," and that the settlement amount was reached after "extensive arms-length negotiations;" (2) since there is only one plaintiff in this action, allocation of settlement proceeds is not at issue; (3) Arizona Stone's financial condition was not an issue during negotiations and did not play a factor in the settlement negotiations; and (4) as the settlement was reached after the parties engaged in comprehensive discovery, filed multiple dispositive motions, attended and participated in a mediation, and engaged in multiple discussions and negotiations, "it can only be said that the settlement was reached without collusion, fraud or tortious conduct." (#147). Arizona Stone did not specifically mention the third factor regarding insurance policy limits. *Id.* In Real Stone's motion for determination of good faith settlement, it asserted that its insurance policy limits were not at issue during negotiations. (#148). As the parties engaged in settlement negotiations together (#147 and #148) and Arizona Stone did not mention insurance policy limits (#147), the court reasonably concludes that Arizona Stone's insurance policy limits were not at issue during the negotiations.

During the hearing, all parties agreed that the record establishes, when considering the above factors relevant to this case, that the settlement at issue was reached in good faith. Based upon the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the

settlement was reached in good faith and recommends granting Arizona Stone's motion for determination of good faith settlement (#147); *See The Doctors Co.*, 120 Nev. at 651-52; *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. at 927; *Velsicol Chemical*, 107 Nev. at 360.  The court acknowledges the issues raised in WD Partners' limited opposition (#153), but finds that the issues are not ripe for consideration at this time.  If, after the Ninth Circuit issues its opinion, WD Partners believes it has a claim, it may raise it at that time.  The court will not rule prospectively on any such hypothetical issue.

## RECOMMENDATION

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that the District Judge GRANT defendant Arizona Stone & Architectural Products NV, LLC's Motion for Determination of Good Faith Settlement (#147).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE